## INJURY FROM FALL INTO A DANGEROUS AND LONG NEGLECTED HOLE IN BOARD WALK.

Circuit Court for Lucas County.

COUNTY COMMISSIONERS OF LUCAS COUNTY AND COUNTY COMMISSIONERS OF WOOD COUNTY V. CLAUDE D. ENGLISH.

Decided, June 29, 1912.

*Negligence—Duty of One Using a Walk to Exercise Ordinary Care—Regardless of Other Matters Occupying His Mind—Whether Such Care Was Used is a Question for the Jury.*

1. The fact that a telephone lineman was performing a legitimate duty in looking up and closely watching the telephone wires to see whether they touched each other when swayed by the wind, did not excuse him from exercising ordinary care as to where he stepped and the condition of the walk over which he was passing; and where one so engaged stepped into a dangerous hole and was severely injured, a finding by the jury under proper instructions by the court that he was exercising proper care at the time and the verdict and judgment based thereon will not be disturbed by a reviewing court.

2. Exhibits which were offered in evidence and as to which a witness was examined and cross-examined and which were shown to the jury and referred to by counsel on both sides as being in evidence, will be regarded by a reviewing court the same as if formally offered in evidence although not marked as exhibits in the case.

*Holland C. Webster*, Prosecuting Attorney of Lucas County, *Lewis E. Mallow*, Assistant Prosecuting Attorney of Lucas County, and *Charles Hatfield*, Prosecuting Attorney of Wood County, for plaintiffs in error.

*Edgar M. Flowers* and *Marshall & Fraser*, contra.

RICHARDS, J.; KINKADE, J., concurs; WILDMAN, J., not participating.

Error to the Court of Common Pleas of Lucas County.

In the court of common pleas Claude D. English recovered a verdict and judgment in the amount of $7,500 against the county

commissioners of Lucas county and the county commissioners of Wood county for personal injuries claimed to have been suffered by him by reason of the negligence of the defendants. The injury occurred on January 3, 1911, between 4:30 and 5 o'clock P. M., as plaintiff was walking on the highway nearing the approach on the Wood county side of the bridge crossing the Maumee river at the village of Maumee. The dividing line between the two counties is the center of the river at the place where this bridge is constructed, and the bridge and its approaches appear to have been constructed and maintained by joint action of the boards of county commissioners of the two counties. The level of the bridge is about eight feet above the level of the county road on the Wood county side of the bridge, and the bridge proper is reached by a sloping approach constructed of earth. Along the up-river side of the bridge a wooden sidewalk or approach is constructed, perhaps twenty feet in length, being built over the up-river slope of the bank of earth. Several of the planks of which this walk was constructed were missing on the occasion of the injury, and the approach to the bridge proper had been defective in that respect for a long period of time, some witnesses stating it as long as two or three years.

The plaintiff was a telephone lineman and upon the occasion of his injury was in the performance of his duty, walking along under the wires which were strung on poles, the wires when they reached the bridge being strung on arms across the bridge. Trouble in the transmission of messages had been experienced and he was watching the wires to ascertain whether, in the high wind that was blowing, the wires were being blown together so that they touched and thereby interfered with the use of telephones. Snow and sleet were falling at the time, and it was growing dark so that he could, with difficulty, see the wires but with the purpose mentioned, he was walking under the wires and approached the bridge. He reached the sidewalk where the planks were missing, stepping into the hole and falling in such a manner as to be very seriously injured. The hole into which he fell was several feet square and perhaps

ten inches deep at its shallowest place, growing much deeper at the other side by reason of the sloping embankment over which the walk had been constructed. The stringers under the walk were two inches thick and ten inches wide, and were placed edgewise, being built of this heavy material for the purpose of supporting the walk along the side of the sloping embankment.

It is contended by plaintiffs in error that the verdict is excessive and is not sustained by sufficient evidence, and that the court erred in not directing a verdict for the county commissioners, and in overruling a motion for a new trial, and that the judgment should be reversed by reason of misconduct of plaintiff's counsel during the argument of the case in the trial court.

It will not be necessary to dispose separately of all the claimed grounds of error. The case merits and has received a very careful examination of the entire record. Some conflict exists in the evidence as to the extent and permanency of the injuries suffered by the plaintiff, and much expert evidence was introduced bearing upon that matter. The evidence is such that a jury would be entirely justified in finding the injuries to be permanent, and of a very serious character. We do not feel justified in disturbing the verdict on the claim that it is excessive, nor are we able to find from the record that the verdict is not sustained by the evidence. Much insistence is placed by counsel for the county commissioners on the claim that the plaintiff was guilty of contributory negligence, directly producing the injuries suffered by him, in that he was following the wires with his eyes instead of watching the walk in front of him, as he proceeded toward the bridge. He was, of course, in the performance of a legitimate business, but was not relieved thereby from the duty to exercise ordinary care under all the circumstances of the case. Whether he did do so was left fairly to the jury, under appropriate instructions from the trial court, and we do not, therefore, feel at liberty to disturb the verdict on the ground that it is not sustained by sufficient evidence. It may be noted that no doubt whatever exists that this defect was one which was extremely dangerous to pedestrians, and the walk

had clearly been in this defective condition for a long period of time so that the defendants had or should have had, in the exercise of ordinary care, full notice of the same.

Another ground upon which it is sought to have the judgment reversed is the claimed misconduct of counsel for plaintiff in the argument of the case to the jury. It appears from the bill of exceptions that a witness, named Dr. Rhonehouse, had been subpoenaed on behalf of the plaintiff, and was not used by him, and that later this witness was used by the defendants, and upon his attempted cross-examination by counsel for the plaintiff, certain of his evidence was excluded as not being a proper examination at that stage of the case. This exclusion of his evidence occurred by reason of the objection of counsel for the county commissioners. These facts were alluded to by counsel for the plaintiff in his argument to the jury, to which body he propounded the question "Who is responsible for him not testifying?" Counsel was thereupon stopped by the court but proceeding further stated that if counsel for the defendants had not objected, Dr. Rhonehouse would have answered. The court stopped any further reference to this matter, and it nowhere appears in the record that the jury were informed what the testimony of Dr. Rhonehouse would have been if he had been allowed to answer. It does appear that he had been subpoenaed by the plaintiff and placed upon the witness stand by the defendants. It further appears that he had treated the plaintiff as a physician for some considerable time following his injuries. The orderly administration of justice would have been better served if counsel had omitted any reference to this matter in his argument to the jury, but no prejudicial error resulted from what was said.

We have examined this case and passed upon the material assignments of error as if the bill of exceptions contained all of the evidence. It may be doubted, however, whether the condition of the record is such that we would be entitled to pass upon the weight of the evidence, by reason of the fact that certain exhibits referred to during the trial are not attached to the bill. Much evidence was offered relating to certain X-ray plates taken of var-

ious portions of the plaintiff's body by a witness, Harry W. Dachtler, who describes his profession as that of a Roentgenologist. He had taken numerous X-ray pictures, some at the request of the plaintiff and some for the defendants, and while upon the witness stand and under examination in chief by counsel for plaintiff, stated these facts and referred to the plates taken at the request of the plaintiff as Nos. 5732, 5733, 5734 and 5855. He then stated that he had plates which he took for the defendants but did not have them with him. Counsel for plaintiff then said "We offer those plates in evidence." If the record stopped at this point, some doubt might well exist as to the plates referred to in the offer made by counsel for plaintiff. The cross-examination of the witness, however, was immediately commenced, and during that cross-examination at various places the plates taken upon the request of the plaintiff were referred to as being in evidence and were shown to the jury, who examined the same by means of an illuminating box with lights behind a ground glass, for the purpose of having a more accurate and thorough examination. This witness, after having being fully qualified as a Roentgenologist testified in detail as to the facts shown by these plates, and the bearing they had upon the extent of the injuries suffered by the plaintiff and the condition of his body. He was also permitted to state his opinion on these matters. The plates thus became evidence of a very material character, and we think in view of the fact that the plates taken at the request of the plaintiff were referred to by counsel for both sides as being in evidence, and shown to the jury and examined by them, they must be treated as if formally offered in evidence although not marked as exhibits in the case. While the absence of these exhibits would perhaps prevent this court from considering the question of the weight of the evidence, we have, as already stated, examined the entire record and find no prejudical error manifest therein.

The judgment of the court of common pleas will be affirmed.